UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY M-S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5155 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found degenerative disc disease is a severe impairment; plaintiff retains the residual functional capacity (RFC) to perform light work with additional limitations; and plaintiff is not disabled because she can perform past relevant work, and other jobs in the national economy. Tr. 22-32.

Plaintiff contends the ALJ's erred by (1) failing at step two to find diabetes, abdominal abnormalities and mild infraspinatus tendinopathy are severe impairments; (2) misevaluating her RFC; and (3) discounting her testimony about her limitations. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

# DISCUSSION

**A.     The ALJ's Step Two and Three Findings**

Plaintiff contends the ALJ erred at step two by failing to find diabetes, abdominal abnormalities and mild infraspinatus tendinopathy are severe impairments. Dkt. 18 at 5.

At step two, the ALJ found these conditions are non-severe based upon medical records establishing plaintiff's diabetes is "stable"; plaintiff's bile duct has no obstructive lesion, CT scans show no acute inflammation process in the abdomen, and a mildly dilated CBD; and an MRI shows plaintiff's tendinopathy is "mild." Tr. 22.  The ALJ noted plaintiff has depression and anxiety but her symptoms are well managed with medications, and plaintiff has never sought counseling or therapy for mental health problems. Tr. 23. The ALJ also noted Dr. Leslie Pickett, Ph.D., diagnosed "only malingering, cannabis abuse and opiod abuse." *Id.*

At step three, the ALJ found plaintiff's mental impairments did not meet or equal the requirements of a Listed Impairment, Tr. 23-24, and also stated:

> Although the diabetes, abdominal pain, left should mild suprspinatus [sic] and mental health symptoms are non severe, because the claimant has a severe impairment, all of her conditions were considered in combination throughout this decision regardless of the individual label or severity of any particular impairment.

Tr. 24.

Plaintiff has the burden at step two of showing she has a medically determinable impairment or combination of impairments and the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Plaintiff also has the burden of showing the ALJ harmfully erred. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff argues "because the ALJ failed to find [her] other conditions were not a severe impairments, he did not consider whether she met a listing, as well as failing to account for

additional limitations in determining [plaintiff's] RFC. Thus the remainder of his analysis is incorrect." Dkt. 18 at 6.

The Court rejects this conclusory argument. Arguments that are unsupported by explanation or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

Plaintiff asserts the ALJ failed to find all of plaintiff's conditions are severe but fails to support the argument. It is not enough to simply state the ALJ harmfully erred, and leave the Court to do counsel's work—articulating the basis of the argument through a discussion of the applicable law and facts. *See e.g. Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

Additionally, as noted above, plaintiff bears the burden of showing the ALJ erred at step two and three, and that the errors are harmful. Plaintiff argues her back problems (which the ALJ found was severe), Category 2 Labor and Industry Claim rating show she is disabled. But she presents nothing establishing how or why her mental problems, diabetes, abdominal problems or tendinopathy render her more limited than the ALJ found. Plaintiff according fails to meet her

burden of proof by failing to forth how or why the ALJ erred at step two and three, and the Court affirms the determinations the ALJ made at these steps.

**B.      The ALJ's RFC determination and Step Four Finding**

Plaintiff contends the ALJ failed to account for all of her limitations and thus erred in finding she could perform past relevant work at step four. Dkt. 18 at 7-8. Plaintiff first argues "the RFC does not account for all of [her] limitations because of her other conditions." *Id.* at 8. As discussed above, plaintiff bears the burden of establishing the ALJ harmfully erred; accordingly this conclusory assertion is insufficient.

Plaintiff next argues a 2013 "vocational services" determined plaintiff could only perform sedentary work (citing Tr. 350), and that plaintiff cannot perform past work as a flagger. *Id.* The record belies the argument. While vocational services recommended plaintiff be granted additional training time by placement as a general clerk, a job described as "sedentary," Tr. 349-50, vocational services ultimately concluded, Tr. 340, plaintiff "has successfully completed her retraining plan to work as a General Office Clerk (DOT 209.562.010)—the light duty work that the ALJ found plaintiff could perform. *See* Tr. 30. Additionally, the ALJ did not find plaintiff could perform past work as a flagger. The ALJ instead found she could perform past work as a bar tender or a general office clerk. *Id.*

And finally, plaintiff contends had the ALJ found plaintiff was limited to sedentary work, plaintiff would be disabled under the "GRID rules." Dkt. 18 at 9. The argument is foreclosed as plaintiff has failed to establish the ALJ erred in finding plaintiff can perform light work. Plaintiff also asserts she is limited to sedentary work in a conclusory and thus insufficient manner. As plaintiff fails to meet her burden of showing the ALJ harmfully erred in failing to find she is limited to sedentary work, the Court affirms the ALJ's RFC determination.

**C.      Plaintiff's Testimony**

Plaintiff contends the ALJ erroneously relied upon the reports of the Cooperative Disabilities Investigation Unit (CDIU), and Lezlie Pickett, Ph.D., to discount her testimony. Dkt. 18 at 10.

Plaintiff argues the ALJ should not have relied upon the CDUI report to discount her testimony because there is other more persuasive evidence, which plaintiff contends supports her claim that she is disabled. *Id.* There is no rule precluding the ALJ from relying upon CDUI evidence in assessing a claimant's testimony. On the contrary, the ALJ is entitled to rely upon such investigations. *See Richards v. Berryhill*, 713 Fed.Appx. 545, 548 (9th Cir. 2017) ("The ALJ did not err by giving great weight to the evidence and testimony submitted by the Cooperative Disability Investigations Unit."); *see also Elmore v. Colvin*, 617 Fed. Appx. 755 at 757 (9th Cir. 2015) (Rejecting argument ALJ improperly relied upon a CDIU investigation, noting "the Social Security Act expressly authorizes the Commissioner to conduct such investigations.").

Here plaintiff does not dispute the CDIU report undermines her testimony. Rather she argues the ALJ should have rejected the report in light of other evidence in the record. The argument fails. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court must examine the entire record, but cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). But this is what plaintiff's argument would require the court to do—reweigh the ALJ's assessment of the CDUI report and reject it based upon plaintiff's view other evidence shows she is more limited than the ALJ found.

Plaintiff also argues the ALJ erred in relying upon Dr. Pickett's finding that plaintiff was malingering. Plaintiff argues the doctor failed to provide a logical reason why plaintiff would be malingering, and that Dr. Pickett has a bad reputation for diagnosing malingering in a majority of her reports and calling into question the claimant's disability claims.

Dr. Pickett found plaintiff "presented with significant external and internal inconsistencies," and there "appears to be a large discrepancy between what [plaintiff] is capable of doing versus what she is willing or motivated to do. Her self-acknowledged lack of motivation to obtain or maintain employment, superimposed on what appears to be a significant motivation to present herself as severely impaired for the purpose of obtaining disability funds render a prognosis of poor." Tr. 448. Dr. Pickett also opined plaintiff had no impairments in her intellectual functioning. Tr. 449. Thus contrary to plaintiff's argument, Dr. Pickett gave an explanation in support of her "malingering" diagnosis, i.e. that plaintiff presents herself as very limited because she wants social security benefits.

Plaintiff also argues Dr. Pickett has a bad reputation for diagnosing "malingering." Anecdotally, the Court takes notice Dr. Pickett has found malingering in other social security disability appeals. *See e.g. Vandusen v. Berryhill*, 2018 WL 2411045 (W.Wash. May 29, 2018); *Renner v. Berryhill*, 2018 WL 460232 (W.Wash. Jan. 18, 2018); *Comstock v. Berryhill*, 2017 WL 4472856 (W.Wash. Oct. 6, 2017); *Williams v. Berryhill*, 2017 WL 4054604 (W.Wash. Sept 14, 2017); and *Foor v. Berryhill*, 2017 WL 2729480 (W.Wash June 23, 2017). Even if this tends to support plaintiff's "bad reputation" argument, it is not a basis upon which the Court can rely to reject the ALJ's reasoning. First, there is no dispute Dr. Pickett examined plaintiff and prepared a report. Second, there is no evidence the observations Dr. Pickett made in support of her opinion that plaintiff presented with significant inconsistencies, is inaccurate or simply untrue. Hence,

1 while Dr. Pickett may have a "bad" reputation for regularly diagnosing malingering in claimants

2 seeking disability benefits, there is nothing showing that in plaintiff's case, the doctor simply

3 diagnosed malingering even though there was no evidence to support the diagnosis.

4     The ALJ accordingly did not err in relying on Dr. Pickett's opinion. *See Mohammed v.*

5 *Colvin*, 595 Fed.Appx. 696, 697 (9th Cir. 2014), citing *Benton ex rel. Benton v. Barnhart,* 331

6 F.3d 1030, 1040–41 (9th Cir.2003) (noting that evidence of malingering would support the

7 rejection of a claimant's testimony, but noting no such evidence in that case).

8     Even if the ALJ erred in relying upon Dr. Pickett's opinion, the ALJ also discounted

9 plaintiff's testimony based upon the independent medical examination performed by David

10 Smith, M.D. Tr. 28. Dr. Smith found no evidence of radiculopathy, only mild loss of motion of

11 the next and tenderness, and opined plaintiff had "no restrictions." Tr. 28. The Court cannot say

12 it was unreasonable for the ALJ to discount plaintiff's testimony on the grounds that it is

13 inconsistent with Dr. Smith's findings. In sum, the ALJ properly discounted plaintiff's testimony

14 based upon Dr. Pickett's opinion that plaintiff was malingering and the CDIU report. Even if the

15 ALJ were deemed to have erred in relying on these bases, the ALJ also properly discounted

16 plaintiff's testimony as inconsistent with Dr. Smith's findings. The Court concludes the ALJ

17 gave at least one valid reason supported by substantial evidence to discount plaintiff's testimony

18 and accordingly affirms the ALJ's determination.

19 **D.     Substantial Evidence**

20     Plaintiff argues the errors the ALJ committed, individually and as a whole, establish the

21 decision is not supported by substantial evidence. Dkt. 18 at 12. The argument is foreclosed

22 because as discussed above the court rejects plaintiff's claimed errors. Plaintiff also claims the

23 court should reverse because the ALJ mistakenly thought plaintiff had two state labor and

industry claims. Plaintiff provides no explanation as to how or why this is harmful, and the court accordingly rejects plaintiff's conclusory assertion. Plaintiff also claims the alleged onset date "should have been amended to 2011 when she had surgery on her back." *Id.* Plaintiff presents nothing showing that during the administrative proceedings she moved to amend the onset date. The record shows plaintiff by counsel filed a pre-hearing brief alleging she has been disabled since August 28, 2014, Tr. 312, and reaffirmed that date at the hearing before the ALJ. Tr. 43. The record also indicates that plaintiff went through vocational training after her surgery in 2011, and successfully completed her retraining plan to work as a general office clerk, DOT 209.010, in April 2014. Tr. 340. Thus the fact plaintiff had back surgery in 2011 does not itself establish plaintiff's onset date given the record, and plaintiff presents no explanation showing otherwise. Plaintiff has accordingly failed to establish harmful error as to the calculation of her alleged onset date.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 22nd day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge